UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

C.P., FIDEL PEREZ and AIDA C.
PEREZ, a minor, by and through his
next friends

      Plaintiffs,

v.                                             Case No: 2:15-cv-238-FtM-29CM

COLLIER COUNTY, JAMES
DRISCOLL, ALAN FLANAGAN
and KEVIN RAMBOSK,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Compel Defendant, Kevin Rambosk, to Comply with Request for Production & Subpoena *Duces Tecum* (Doc. 59) filed on May 16, 2016, Plaintiff's Motion to Compel Defendant, Kevin Rambosk, to Comply with Request for Production & Subpoena *Duces Tecum* (Doc. 60) filed on May 17, 2016, and Plaintiff's Motion to Compel Defendant, Kevin Rambosk, to Comply with Request for Production & Subpoena *Duces Tecum* (Doc. 61) filed on May 17, 2016.[1]  On May 17, 2016, Defendant filed a response in opposition to all three motions.  The motions, therefore, are ripe for review.

---

[1] The motions are identical.  It appears that Plaintiff's third motion to compel (Doc. 61) was docketed as a notice of withdrawal, however the attached .pdf document was another copy of the motion to compel as opposed to a notice of withdrawal.  The Clerk edited the docket text to reflect as such and notated that counsel was notified.  Plaintiff did not file a notice of withdrawal.  As such, all three identical motions are pending.

I.  Background

On April 22, 2016, the undersigned held a hearing during which it considered Plaintiffs' Motion to Extend Deadline for Discovery (Doc. 45) and Plaintiffs' Amended Motion for Leave to Take Additional Deposition(s) (Doc. 51).  During the hearing, the Court heard argument from both Plaintiffs' and Defendants' counsel regarding the extent of discovery completed by the parties as of the hearing date, and the remaining discovery and depositions needed by the parties.  Based on discussions with counsel at the hearing, the Court extended the discovery deadline for the limited purpose of allowing Plaintiffs to serve one request for production.  The Court specifically delineated the items that Plaintiffs may request.  Moreover, Pursuant to Fed. R. Civ. P. 30(a)(2)(A),[2] the Court allowed Plaintiffs to take four additional depositions and issue a subpoena *duces tecum* to each deponent.  Again, the Court specifically delineated the items that may be requested in the subpoenas *duces tecum*.  Prior to issuing a written order, the Court offered counsel the opportunity to confer and submit a joint list of items discussed at the hearing and any additions items upon which they agreed to be included in the Court's order.  Both counsel accepted this opportunity and subsequently e-mailed the undersigned.  Based on the hearing discussions and the parties' e-mail communications, the Court issued its written Order on April 27, 2016 ("Discovery Order").  Doc. 56.

---

[2] This was Plaintiffs' second motion to take additional depositions.  On March 14, 2016, the Court granted Plaintiffs leave to take a total of fifteen depositions.  Doc. 35.

Plaintiffs' motions to compel seek to compel Defendant Kevin Rambosk to produce certain documents which were not included in the Discovery Order. Plaintiffs requested these documents by way of a First Request to Produce ("Request for Production"), served on May 2, 2016 (Doc. 59 at 6-7) and a subpoena *duces tecum* to Sgt. J. Scott (Doc. 61 at 12).  Plaintiffs' counsel acknowledges that the request is outside the scope of the Discovery Order, however states that "undersigned recalls your Honor stating that if both sides agreed to any other items, your Honor would have no objection."  *See e.g.,* Doc. 59 ¶6.  Despite Defendants' lack of agreement, which is apparent by the very need to file a motion to compel, and as evidenced by Defendants' immediate filing of a response in opposition (Doc. 62), Plaintiffs' counsel attempts to convince the Court that the parties have agreed to the production of documents outside the scope of the Discovery Order.  The conduct supposedly arising to an "agreement" include: Plaintiffs making their "desires to obtain those documents known to the Defendant multiple times throughout this case through various discussions via telephone and email," Plaintiffs' attorney's "impressions that opposing counsel was in agreement to provide those reports," Defendants' counsel being "fully aware of [Plaintiff's] need for use of [the documents]," and Defendants' counsel being "on notice" of Plaintiffs' requests.  *See e.g.,* Doc. 59 ¶¶ 5, 7, 10, 12, 10.

Defendants respond that Plaintiffs never issued a Rule 34 request to produce until the Request for Production served on May 2, 2016, after the Court issued the Discovery Order.  Defendants' counsel also states that despite their conversations, he never told Plaintiffs' counsel that he agreed to the production of the documents at

issue, and he never represented that he will produce anything on "[the opposing counsel's] "wish list"[] without the need of request for production, or not permitted by the Court."  Doc. 62 at 3 (emphasis in original).

## II.  Discussion

At the outset, the Court notes that the motions are not in compliance with the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure. Local Rule 3.01 sets forth the framework for filing a motion before the Court.  "In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request."  M.D. Fla. R. 3.01(a). Rule 37(a)(1), Federal Rules of Civil Procedure, requires that a motion to compel production of documents "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, contain a statement "stating whether counsel agree on the resolution of the motion."  M.D. Fla. R. 3.01(g). Moreover, Local Rule 3.04(a) specifically outlines the framework for filing a motion to compel:

> a motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is

> asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

M.D. Fla. R. 3.04(a).

Here, the motions fail to meet any of the above requirements. First, the motion fails to include any legal authority that would entitle Plaintiffs to compel documents requested merely by discussions with opposing counsel and not a formal request for production. *See* Fed. R. Civ. P. 34. Alternatively, the Request for Production (Doc. 61 at 6-7) issued on May 2, 2016 is not in compliance with the Court's Order.[3] Plaintiffs have not offered any justifiable reason why they are entitled to derogate from the Discovery Order which extended the discovery deadline for the limited purpose to allow Plaintiffs to request specifically delineated documents. Plaintiffs also failed to include a certification in their motion that their counsel has in good faith conferred with opposing counsel prior to filing their motions. The Court's directives at the hearing and in its Discovery Order were very clear: Unless the parties agree otherwise, Plaintiffs may only request documents listed in the Discovery Order. *See* Doc. 56. If Plaintiffs' attorney was operating under her own "impressions" that the parties agreed to the production of additional documents, a conferral with opposing counsel to confirm those impressions prior to filing the motions might have obviated the lack of authority to filing the motion.

---

[3] In addition to requesting documents outside the scope of the Court's Order, the Court also notes that despite this Court's directive that "Plaintiffs shall not issue any further Public Records Requests," (Doc. 56 at 2), the First Request to Produce states "[i]n the alternative, this request to produce should also be considered a public records request pursuant to Chapter 119 of the Florida Statutes." *See e.g.,* 59 at 6.

Pursuant to Rule 34, Federal Rules of Civil Procedure, "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce any designated documents. Fed. R. Civ. P. 34(a)(1)(A). Rule 26(b) sets forth the scope and limits of discovery, "unless otherwise limited by court order." Fed. R. Civ. P. 26(b)(1). "The party to whom [a] ... request [to produce] is directed must respond in writing within 30 days after being served . . ." unless the parties stipulate to a shorter or longer time under Rule 29 or the court orders otherwise. Fed. R. Civ. P. 34(b)(2)(A). If a party fails to produce documents, the party seeking the discovery may move for an order compelling production under Fed. R. Civ. P. 37(a)(3)(iv). A motion to compel is committed to the sound discretion of the court. *Commercial Union Ins. Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir.1984).

Here, starting from April 27, 2016, Plaintiffs' scope of discovery was limited to the specific documents delineated in the Discovery Order. Defendant timely objected to Plaintiffs' First Request to Produce. As Defendant's objections were based on the Request for Production exceeding the scope of discovery set forth in the Discovery Order, the objections are valid.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Compel Defendant, Kevin Rambosk, to Comply with Request for Production & Subpoena Duces Tecum (Doc. 59) is **DENIED**.

2. Plaintiff's Motion to Compel Defendant, Kevin Rambosk, to Comply with Request for Production & Subpoena Duces Tecum (Doc. 60) is **DENIED**.

3. Plaintiff's Motion to Compel Defendant, Kevin Rambosk, to Comply with Request for Production & Subpoena *Duces Tecum* (Doc. 61) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record